# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSUE W. RAMIREZ-ENRIQUEZ,** | : | |
| Petitioner | : | No. 12-cr-00220-2 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Josue W. Ramirez-Enriquez's motions to proceed in forma pauperis (Doc. No. 159), to appoint counsel (Doc. No. 160), and for discovery (Doc. No. 161), in conjunction with his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 157). For the reasons that follow, the Court will deny Petitioner's motion to proceed in forma pauperis, deny his motion to appoint counsel, and deny his motion for discovery.

## I.  BACKGROUND

On April 1, 2013, Petitioner appeared before Magistrate Judge Arbuckle and entered a guilty plea to Count One of the government's superseding information, which charged Petitioner with distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 135.) On July 9, 2013, the Court adopted Magistrate Judge Arbuckle's Report and Recommendation that the Court accept Petitioner's guilty plea. (Doc. No. 152.) On July 30, 2013, the Court sentenced Petitioner to a term of sixty months imprisonment. (Doc. No. 154.)

On May 9, 2014, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, along with a brief in support of his petition, alleging ineffective assistance of counsel. (Doc. Nos. 157-58.) Petitioner also filed a motion to proceed in forma pauperis (Doc. No. 159), a motion to appoint counsel (Doc. No. 160), and a motion for discovery (Doc. No. 161). The

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JOSUE W. RAMIREZ-ENRIQUEZ,**  :
    Petitioner  :  No. 12-cr-00220-2
      :
vs.  :  (Judge Kane)
      :
**UNITED STATES OF AMERICA,**  :
    Respondent  :

## MEMORANDUM

Before the Court is Petitioner Josue W. Ramirez-Enriquez's motions to proceed in forma pauperis (Doc. No. 159), to appoint counsel (Doc. No. 160), and for discovery (Doc. No. 161), in conjunction with his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 157). For the reasons that follow, the Court will deny Petitioner's motion to proceed in forma pauperis, deny his motion to appoint counsel, and deny his motion for discovery.

## I.  BACKGROUND

On April 1, 2013, Petitioner appeared before Magistrate Judge Arbuckle and entered a guilty plea to Count One of the government's superseding information, which charged Petitioner with distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 135.) On July 9, 2013, the Court adopted Magistrate Judge Arbuckle's Report and Recommendation that the Court accept Petitioner's guilty plea. (Doc. No. 152.) On July 30, 2013, the Court sentenced Petitioner to a term of sixty months imprisonment. (Doc. No. 154.)

On May 9, 2014, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, along with a brief in support of his petition, alleging ineffective assistance of counsel. (Doc. Nos. 157-58.) Petitioner also filed a motion to proceed in forma pauperis (Doc. No. 159), a motion to appoint counsel (Doc. No. 160), and a motion for discovery (Doc. No. 161). The

Court will address Petitioner's motions in turn.

## II.  DISCUSSION

### A.  Motion to proceed in forma pauperis

The federal in forma pauperis statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). Leave to proceed in forma pauperis is based upon a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995) (citing Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). A plaintiff seeking leave to proceed in forma pauperis must file an affidavit of poverty with the court. Provided the Court is satisfied that the plaintiff is without sufficient resources to pay the costs and fees related to the action, the Court will grant leave to proceed in forma pauperis. Id.

In his motion to proceed in forma pauperis, although Petitioner states that "an affidavit in support of this motion . . . is attached hereto and made part of this motion by reference herein," no such affidavit is in fact attached to Petitioner's motion. (See Doc. No. 159.) Without Petitioner's affidavit of poverty, the Court cannot determine whether Petitioner's financial resources qualify him to proceed in forma pauperis in this matter. Accordingly, Petitioner's request to proceed in forma pauperis will be denied without prejudice for him to resubmit the motion with an affidavit containing the necessary financial information.

### B.  Motion to appoint counsel

Petitioner asserts that because the issues in his case are complex, and he is of limited education and unable to adequately present his claim, the Court should appoint counsel to represent him in his Section 2255 proceeding. (Doc. No. 160.) District courts may appoint

2

counsel for financially eligible defendants who pursue habeas relief pursuant to 28 U.S.C. § 2255. See Tabron v. Grace, 6 F.3d 147, 154-55 (3d Cir. 1993). However, appointment is not mandatory, and it must appear to the court that the interests of justice require that counsel be appointed. See 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C. § 2255]."). Moreover, the Court recognizes that were the Court to determine that Petitioner's Section 2255 motion warrants an evidentiary hearing, then the Court must appoint him counsel. See United States v. Cooper, No. 07-287, 2008 WL 2078143, at *4 (M.D. Pa. May 15, 2008) (citing Rules Governing Section 2255 Proceedings, Rule 8(c)).

      The Court finds that the interests of justice do not, at this time, require the appointment of counsel. Petitioner's ineffective assistance of counsel claims have not shown themselves to be overly complex. Moreover, Petitioner filed a thorough brief in support of his petition, which clearly sets forth his grounds for relief and includes case citations. Accordingly, considering his ability to prepare and submit briefs and legal arguments, he has generally shown himself capable of proceeding pro se. See, e.g., Austin v. Ricci, No. 07-4428, 2008 WL 4308259, at *2 (D.N.J. Sept. 17, 2008) ("Petitioner has shown that he can proceed pro se by filing the petition and this motion with attachments, and letters to the Court."). Thus, at this time, the Court finds that the interests of justice do not require court-appointed counsel. The Court may further consider the need for appointment of counsel as the case progresses.

      **C.    Motion for discovery**

      Petitioner also requests that the Court allow him to order discovery from the United

States. (Doc. No. 61.) A habeas petitioner, unlike the civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Peterkin v. Horn, 30 F. Supp. 2d 513, 516 (E.D. Pa. 1998) (citing Bracy v. Gramley, 520 U.S. 899 (1997)). Rule 6(a) of the Rules Governing Section 2255 Proceedings provides, in relevant part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." The United States Supreme Court has stated that "good cause" exists under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if facts are fully developed, be able to demonstrate that he is . . . entitled to relief." United States v. Purcell, 667 F. Supp. 2d 498, 518 (E.D. Pa. 2009) (citing Bracy, 520 U.S. at 908–09). However, discovery is limited to those cases where a defendant has made a preliminary showing that requested discovery will tend to support his entitlement to relief. Id. (citing Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994)). Rule 6(a) gives district courts discretion in granting or denying a defendant's request for discovery. Id. (citing Taylor, 19 F.2d at 1493.)

      The Court finds that Petitioner has not provided good cause for the Court to order discovery. In his motion for discovery, Petitioner asks for information regarding the substances he was charged with possessing, the relevant statutes, and all information regarding testing and analysis that was performed on such substances. (See Doc. No. 161.) Although he states that this information is "material to the preparation of his defense," he does not specify how such information supports his motion to vacate. See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) ("[P]etitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence.").

Rather, Petitioner's motion to vacate rests on his allegations that his counsel failed to: (1) file a notice of appeal, (2) suppress evidence as the product of an unlawful search and seizure, (3) investigate mitigating evidence concerning his "traumatic family matters," and (4) object to the fact that Petitioner was never interviewed by a probation officer or to a presentence investigation report that did not "contain any personal data, family data, emplyment[sic] data [or] any other information useful for the court to determine defendant [sic] sentence." (Doc. No. 158.)  Petitioner does not highlight for the Court how discovery regarding the controlled substances for which he was charged would support his ineffective assistance of counsel claims, and the Court does not find that such discovery is pertinent to disposition of such claims.  See Purcell, 667 F. Supp. 2d at 518 (noting that courts "have denied discovery requests where the requested information . . . would be of little value in ruling on the defendant's claims").  Accordingly, the Court finds that Petitioner has not provided good cause for the request, and will deny his motion for discovery.

### III.  CONCLUSION

The Court will deny Petitioner's motion to proceed in forma pauperis without prejudice for him to resubmit such a motion with an affidavit containing the necessary financial information.  The Court will deny Petitioner's motion to appoint counsel, but will further consider the need for counsel as the case progresses. Lastly, the Court will deny Petitioner's motion for discovery.  An order consistent with this memorandum follows.